hCANNELLA, J.,
dissenting.
I respectfully disagree with the majority conclusion that the burden of proof on plaintiffs motion for summary judgment shifted from the plaintiff to the defendants Rowland and Lee upon plaintiffs showing of his absence of fault and Lee’s duty to inspect the trailer.
First the doctrine of res ipsa loquitur has no application here, where plaintiff is requesting a finding on two defendants’ fault and elimination of the other defendants. The doctrine applies to hold that the accident would not have happened absent some one or more of the defendant’s fault. But it has no application on the issue here which is basically apportionment of fault among the defendants.
Further, the majority’s reasoning might be applicable if plaintiff had moved for a finding of Rowland and Lee’s partial fault. However, plaintiff moved for and was granted summary judgment holding that Rowland and Lee were 100% at fault and dismissing the other defendants. By implication, this ruling necessitated a finding of the other defendants’ complete absence of fault. In my view, it was plaintiffs burden as mover for the summary judgment to establish the facts that would entitle him to summary judgment, that is, the other defendants’ absence of fault. A record that simply lacks a showing of certain defendants’ fault is not | ¡^sufficient to support plaintiffs motion for summary judgment. Thus, I find that, based on the record before us, which only establishes Rowland and Lee’s likely fault and no showing of the other defendants’ absence of fault, plaintiff was not entitled to a summary judgment finding Rowland and Lee 100% at fault and dismissing the other defendants from the case. Accordingly, I dissent.